THE CONFEDERATE MONEY CASES.

M. ANDERSON v. LEWIS & SPENCE.

M. ANDERSON v. LEWIS & KILLOUGH.

M. ANDERSON v. HEARNE & HEARNE.

The 5th section of the ordinance of the convention of 1866 did not extend to the justification of those who, by military arrests, had forced their creditors to receive the Confederate currency in payment. (Paschal's Dig., p. 950, ord. XI, sec. 5.)

This ordinance was designed to protect officers, state and Confederate, and persons acting under them, in the performance of "military or civil authority."

ERRORS from Robertson. The cases were tried before Hon. R. S. GOULD, one of the district judges.

The facts in these cases were about as follow:

The defendants in error were indebted to the plaintiff in sundry large amounts, secured by promissory notes. Among other forms of madness which the rebel cause assumed was the almost universal proclamation of martial law, from Richmond to the Rio Grande, by President Davis, by commanding generals, and sergeants of militia. General Hebert, of Texas, proclaimed martial law all over

that vast state; and, among other things, he proclaimed that Confederate treasury notes should be received for debts, and that those who refused should be arrested for disloyalty. Those debtors who had the greatest confidence in the insurgent cause seemed to have the least in the Confederate paper, for many of them commenced to force the government promises upon their creditors. The plaintiff, having refused to receive this paper, was arrested by a provost marshal. As he pleaded, to relieve himself he surrendered to the defendants their notes, and received the Confederate treasury notes in payment. He now pleaded that this payment was under *duresse*. The defendants replied, that he took the paper willingly, and afterwards expressed his acquiescence. The petitions clearly set forth the military arrest, the universal extent of the military power, and that the plaintiff was forced, while under *duresse*, in the hands of a provost marshal, to accept payment and surrender to the defendants their notes, which he called upon them to produce.

As the facts in all these cases were identical, and the opinions in nearly the same language, it is not deemed necessary to publish all the opinions.

To these petitions the court sustained demurrers, and the plaintiff prosecuted error.

*Mills & Tevis*, for plaintiff in error.

No briefs for the defendants in error have been furnished to the *Reporter*.

CALDWELL, J.—The petition is in the usual form of debt, and alleges that defendants in error caused the plaintiff's arrest by the military authorities of the Confederate States, and whilst thus in camp forced him, by the power of the military authority of the Confederacy, to receive "Confederate money" in payment of debts due by promissory notes. The petition was held insufficient on demurrer.

We are of opinion that the petition disclosed a good cause of action. Section 5, ordinance XI, of the convention of 1866, was not intended to embrace this class of cases. It was designed to protect officers, state and Confederate, and persons acting under them, in performance of "military or civil authority." We are not called upon to discuss the constitutionality of the ordinance in question in the light of the federal constitution. When that question is presented we will be prepared to meet it. Judgment

REVERSED AND REMANDED.